UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------X
Richard Fuentes,

                Plaintiff,                Civil Action No.:1:12-cv-0123 (JTC)

     against

Audubon Financial Bureau, LLC,         **AMENDED COMPLAINT AND**
A Delaware Limited Liability Company, and  **DEMAND FOR TRIAL BY JURY**
and Adam D. March, individually
                Defendant.
--------------------------------------------------X

      Now comes Plaintiff Richard Fuentes (hereinafter referred to as "Plaintiff"), by and

through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action

to recover monetary damages, and declaratory and injunctive relief, against Defendant Audubon

Financial Bureau, LLC (hereinafter referred to as "Audubon"), and Defendant Adam D. March

(hereinafter referred to as "March"), individually, arising from Defendants' violations of 15

U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter

referred to as "FDCPA").


                **JURISDICTION AND VENUE**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15

U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction

over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

3.      Plaintiff is a natural person and a resident of the State of Texas, residing in Tarrant

County, at 2101 Rainbow Drive, Condo 4310, Arlington, Texas 76011.

4.      At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C.

§1692a(3) of the FDCPA.

5.       Upon information and belief, Defendant Audubon Financial Bureau, LLC is a Delaware

limited liability company conducting business from offices located at 200 John James Audubon

Parkway, Suite 301, Amherst, New York 14228.

6.      Upon information and belief, Defendant Adam D. March, is a member-manager and/or

shareholder of Audubon, and upon information and belief oversees its day-to-day operations. *See*

*Nicholas Jamele v. Audubon Financial Bureau, LLC, and Adam D. March,* 12-cv-60957; *See*

*generally, Fox v. Citicorp Credit Services, Inc.* 15 F.3d 1507 (9th Cir. 1994); *Kistner v =. Law*

*Offices if Michael P. Margelefsky, LLC.* 518 F.3d 433, 440-41 (6th Cir. 2008).

7.      March is a natural person, and a citizen of the State of New York, residing at 66 Golden

Pheasant Drive, Getzville, New York, 14068.

8.      Defendants regularly use the mail and telephone in a business, the principal purpose of

which is the collection of debts.

9.      Defendants regularly collect or attempt to collect debts for other parties, and therefore,

are "debt collectors" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10.      Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs

numbered "1" through "9" herein with the same force and effect as if the same were set forth

at length herein.

2

11.     Upon information and belief, on a date better known to Defendants, Defendants began collection activities on an alleged consumer debt from Plaintiff (hereinafter referred to sas the "Alleged Debt").

12.     In or about August 2012, Plaintiff was contacted via telephone by Defendants. Defendants stated that the call was from a "legal department" and told Plaintiff that he was going to be sued in a civil suit in Tarrant County if he didn't pay the Alleged Debt.

13.     Defendants also stated that Plaintiff needed to make a statement right away as to whether or not he would pay the alleged debt and that his failure to do so would result in his wages being garnished.

14.     Subsequently, Defendants sent a follow up email to Plaintiff containing a "Refusal to Pay Verification" (Annexed hereto, and incorporated herein as, "Exhibit A"). Upon information and belief, this was a scare tactic to force Plaintiff into paying the Alleged Debt.

15.     Plaintiff did not refuse to pay; rather, he simply requested validation of the Alleged Debt.

16.     Defendants failed to send Plaintiff a 30-day validation notice within 5 days of the initial communication.

17.     Said actions on the part of Defendants violate the FDCPA, 15 U.S.C. §1692e, which prohibits making any false, deceptive, or misleading representation or means in connection with the debt collection.

18.     Said actions on the part of the Defendant violate the FDCPA, 15 U.S.C. §1692e(3), which prohibits stating that the communication is from an attorney.

19.     Said actions on the part of the Defendant violate the FDCPA, 15 U.S.C. §1692e(4), which prohibits stating that a non-payment of a debt will result in garnishment of wages.

20.     Said actions on the part of the Defendant violate the FDCPA, 15 U.S.C. §1692e(5), which prohibits threatening to take any action that cannot legally be taken.

21.     Said actions on the part of the Defendant violate the FDCPA, 15 U.S.C. §1692e(10), which prohibits making any false representations or use of deceptive means to collect a debt or obtain information about a consumer.

22.     Said actions on the part of the Defendants violate the FDCPA, 15 U.S.C. §1692e(14), which prohibits the disclosure of any name other than the true name of the debt collector's business.

23.     Said actions on the part of the Defendant violate the FDCPA, 15 U.S.C. §1692g, which states that a debt collector must send the consumer a 30-day validation notice within five days of the initial communication.

24.     As a direct result of Defendants' deceptive, misleading, and unfair debt collection practices, Plaintiff has suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

### FIRST CAUSE OF ACTION
#### (Violations of 15 U.S.C §1692e)

25.      Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26.     Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e, in that Defendants made false, deceptive, and/or misleading representation in connection with the collection of the Alleged Debt, when it pressured Plaintiff and stated that he needed to make a statement right away.

4

27.     As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(3))

28.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29.     Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(3), in that Defendants falsely stated that a communication was from an attorney.

30.     As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## THIRD CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(4))

31.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32.     Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(4), in that Defendants stated that non-payment of the Alleged Debt will result in the garnishment of Plaintiff's wages.

33.     As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## FOURTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(5))

34.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35.     Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(5), in that Defendants threatened to take action that cannot be legally taken or that is not intended to be taken when it threatened Plaintiff with a civil suit..

36.     As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## FIFTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(10))

37.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

38.     Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(10), in that Defendants used false representations and deceptive means to collect the Alleged Debt.

39.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SIXTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(14))

40.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41.     Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(14), in that Defendants disclosed a name other than the true name of the debt collectors' business.

42.     As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

**SEVENTH CAUSE OF ACTION**
**(Violations of 15 U.S.C §1692g)**

43.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "42" herein with the same force and effect as if the same were set forth at length herein.

44.     Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692g, in that Defendants failed to send Plaintiff a 30-day validation notice within five days of the initial communication as required by the FDCPA.

45.     As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

**DEMAND FOR TRIAL BY JURY**

46.     Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Richard Fuentes demands judgment from the Defendant Audubon Financial Bureau, LLC, and Defendant Adam D. March as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A);

C.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D.   For a declaration that the Defendants' practices violated the FDCPA; and,

E.   For any such other relief, as well as further costs, expenses and disbursements of this

action, as this Court may deem just and proper.

Dated:  New York, New York
          March 5, 2013
                                        Respectfully submitted,


                                        By:   __s/Jacob J. Scheiner_____
                                                    Jacob J. Scheiner, Esq.
                                                Fredrick Schulman & Associates
                                                30 East 29TH Street
                                                New York, New York 10016
                                                (212) 796-6053
                                                jscheiner@fschulmanlaw.com
                                                Attorneys for Plaintiff

# EXHIBIT A

## WEB-O-PHOBIC?

Contacts   Calendar   Notepad                  What's New?   Mobile Mail   Options

Check Mail   New                      Mail Search

CALL 1-888-896-2115 - REFUSAL TO PAY VERIFICATION - RESPONSE REQUIRED



### A.F.B.
P.O. Box 901
Getzville, NY 14068
Toll Free: 1-888-896-2115
Fax: 1-716-218-2153
*Office Hours: M-Th 9am-9pm est; F 9am-5pm est*

*August 9, 2012*

# REFUSAL TO PAY VERIFICATION

If you are in receipt of this message, there is an outstanding claim deemed a direct refusal to pay.
Please contact the office at

## 1-888-896-2115

**BALANCE DUE:**          $ _____
**SETTLEMENT OFFER:** $ _____

Dear ACCOUNT HOLDER,

This letter is to verify that we, A.F.B. as agent for Payday Loan lenders have an outstanding balance for your account. This is strictly an attempt to collect on a debt and the client requests that at least a good faith payment be made. However, we offer a variety of hardship arrangements that could assist consumers in achieving debt relief. We ask that any consumers that truly **do not refuse** to pay their debt call the office at 1-888-896-2115 today to come to a resolution. Your file will be updated to reflect that an agreement has been met and the refusal status will be withdrawn.

This email notification is to serve as verification that your account is currently in a REFUSAL TO PAY status. However, we do recognize that your account is in this status due to reasons including, but not limited to financial hardship, loss of employment/wages, change in income and/or a direct refusal to pay. Please be advised that there is assistance to those whose intentions are good and honest to make amicable arrangements to satisfy the outstanding balance. Options including payment plans and settlements have been made available in order to avoid any additional interest, collection fees and/or alternate fees assessed by the client after the account has been returned as a refusal to pay.

In the event we do not hear back from you we will be forwarding this account back to the owner with your refusal to pay and our recommendation that they pursue repayment in full immediately, at which time you will be held liable for all costs involved.

However, if you do not refuse to pay your account, settlement opportunities and payment plans are available. We ask that you contact our office to take advantage of settlement offers to assist customers in getting out of the *"Payday Loan Trap."*

Our client has allowed us to conduct settlements and payment plans at our lowest possible rate in an attempt to close any and all remaining delinquent accounts. These convenient payment options will provide opportunities for customers of these Payday lenders to clear their credit report. Once the account is paid/settled, the negative tradeline on the consumer's credit report can be resolved.

We have not added interest or collection fees to this balance, and are willing to work out various payment options and/or settlements for consumers; this can be paid using your Visa, Mastercard, American Express, Discover or your Visa/Mastercard Debit. You can